## Case No. 2,308.

### In re CALENDAR.

[5 Law Rep. 129.]

District Court, D. Connecticut. May Term, 1842.

BANKRUPTCY—WHO BOUND BY INJUNCTION.

After a petition had been filed for a decree of bankruptcy in invitum, the court granted an injunction restraining the debtors from the collection of their debts or disposing of their property. But the court refused to extend the injunction to parties who had not been served with notice of the application. See the opinion of Story, J., in Re Carlton [Case No. 2,415].

In bankruptcy. The petitioners being creditors of R. & L. Calendar, presented their petition on the 1st day of April, and obtained an order of notice that the parties be heard on the 24th day of May, and now, (April 23,) before the day of hearing for the decree in bankruptcy, the petitioners filed an application for a temporary injunction against R. & L. Calendar, and others, their servants, alleging that the respondents remained in possession of the goods and chattels, which, under the bankrupt law, would belong to the creditors; that they were selling the same, and were in fact collecting the debts of the firm and applying the proceeds to their own use, and that the whole property, amounting to a large sum, was in danger of being squandered and wholly lost to the creditors of the bankrupts, praying that they be enjoined against disposing of any part thereof, &c.

Ellsworth & Hunderford, for applicants.
Toucey & Goodman, for respondents.

JUDSON, District Judge, sustained the application and granted the injunction, under the penalty of fifteen thousand dollars, with liberty for the opposite party to move to dissolve the injunction at any future time when danger of loss might be removed. It is apparent in this case, that these respondents have the possession of the goods; that they are collecting the debts, and selling and disposing of the property as they deem best. That they are bankrupts is undisputed; as such they have made an assignment and still remain in the occupation as before. The order of notice to show cause against a decree in bankruptcy, is returnable on the 24th of May; between the present and that time, a large portion of this property may be taken out of the general fund and misapplied. In a case of bankruptcy, the great object of the law is to secure an equal distribution of the assets among all the creditors. The course now pursued by these respondents is in violation of that law, and the question is, can this court, as a court of equity, preserve this property from waste, during the pendency of the petition, and before decree? If this cannot be done, it would be competent for every bankrupt, who has a petition filed against him, to collect his debts, and withdraw his property, so that this part of the law would be inoperative. For the preservation of the rights of creditors, this process of injunction may well be applied. The facts in this case warrant its application here, and the motion is allowed, enjoining against the collection of any of the debts of the firm, or disposing of the goods.

R. & L. Calendar having been served with this process, the injunction goes against them, but cannot extend to others not served with notice of this application.